# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| MARIO LOPEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:17-cv-901 |
| AMERICAN SECURITY INSURANCE § | |
| COMPANY and JANEAN NYREE § | |
| MARSHALL, § | |
| § | |
| Defendants. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant American Security Insurance Company ("ASIC") files this Notice of Removal against Plaintiff Mario Lopez ("Plaintiff") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I.   COMMENCEMENT AND SERVICE

1. On February 14, 2017, Plaintiff commenced this action by filing an Original Petition in the 332nd District Court, Hidalgo County, Texas, styled Cause No. C-0692-17-F; *Mario Lopez v. American Security Insurance Company and Janean Nyree Marshall.*[1]

2. ASIC was served with the lawsuit on February 22, 2017.[2]

3. ASIC filed an answer in state court on March 20, 2017.[3]

4. This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[4] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition.
[2] *See* Exhibit A, Executed Process.
[3] *See* Exhibit B-2, Defendants' Original Answer.
[4] *See* Exhibit A, Executed Process.

## II.    GROUNDS FOR REMOVAL

5. ASIC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III.    DIVERSITY OF CITIZENSHIP

6. This is an action with complete diversity of citizenship between Plaintiff and Defendants.

7. Plaintiff is a citizen of Texas.[5]

8. Defendant ASIC is a Delaware insurance company with its principal place of business in Atlanta.[6]

9. Defendant Janean Nyree Marshall is a citizen of Georgia.[7]

10. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

## IV.    AMOUNT IN CONTROVERSY

11. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[8] If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's

---

[5] *See* Exhibit B-1, Plaintiff's Original Petition., at p. 1; Ex. H-1, Accurint Report on Mario Lopez (demonstrating that Plaintiff has resided in Texas, at least, since 2001).
[6] *See* Exhibit I, Affidavit of Jim Kroll.
[7] *See* Exhibit J, Declaration of Janean Nyree Marshall.
[8] *See* 28 U.S.C. § 1446((b)(3); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–762 (5th Cir. 2000) (holding a post-filing demand letter as a valid basis upon which a case becomes removable).

removal papers or (ii) making an independent appraisal of the amount of the claim.[9] In this Circuit, the amount in controversy is calculated by considering all potential damages.[10] Here, Plaintiff's demand letter demonstrates that the amount in controversy exceeds $75,000. Additionally, the Court should disregard Plaintiff's nonbinding statement regarding damages.

    A. **AVAILABLE FACTS PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

12.    If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on ASIC's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00. On November 13, 2016, Plaintiff served ASIC with a demand letter seeking $40,670.35.[11] The demand letter also seeks a "significant amount of additional damages including, but not limited to, extra-contractual damages, additional attorney's fees, statutory interest, court costs, and exemplary damages."[12] Plaintiff also seeks treble damages in his Original Petition.[13] Here, Plaintiff's alleged treble damages alone amount to more than $122,000. Accordingly, Plaintiff's Original Petition and demand establish that the total amount

---

[9] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[10] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[11] Exhibit K, November 13, 2016 Demand Letter.

[12] Exhibit K, November 13, 2016 Demand Letter; *U.S. Fire Ins. Co.*, 242 F.3d at 284 (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253 (stating that amount in controversy should include potential attorney's fees incurred through trial); *Coburn v. Am. Gen. Life & Acc. Ins. Co.*, No. CIV.A. H-12CV3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013) (the amount in controversy exceeded $75,000 because the plaintiff sought $35,000 in actual damages plus treble damages and attorneys' fees).

[13] Exhibit B-1, Plaintiff's Original Petition, ¶ 61.

in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

### B. PLAINTIFF CANNOT AVOID REMOVAL ON THE BASIS OF HIS NONBINDING STATEMENT OF RELIEF AND DAMAGES.

13. Federal courts properly disregard monetary pleadings (similar to Plaintiff's Original Petition) in Texas for removal purposes because "the State practice…does not permit demand for a specific sum [and] permits recovery of damages in excess of the amount demanded."[14] As in this case "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[15] This is achieved by the plaintiff "filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that she affirmatively seeks less than the jurisdictional threshold *and* further stating that she will not accept an award that exceeds that threshold."[16]

14. Plaintiff has not filed any such binding stipulation or affidavit in this case. Instead, Plaintiff included a non-binding statement in the Original Petition that he "is seeking monetary relief of less than $75,000… A jury, however, will ultimately determine the monetary

---

[14] 28 U.S.C. § 1446(c)(2)(A)(ii); TEX. R. CIV. P. 47 (addressing permissible claims for relief); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990) (Texas law permits post-verdict amendments to conform the amount of damages requested to that awarded by a jury); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL5803816 (W.D. Tex. October 28, 2013) (denying remand despite stipulation of damages, stating "[a]pparently, Plaintiff believes that this rule provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less."); *Noyola v. State Farm Lloyds*, 7:13-CV-146, 2013 WL 3353963 (S.D. Tex. July 3, 2013) (same).

[15] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

[16] *Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012) (quoting *De De Aguila. Boeing Co.,* 47 F.3d 1404, 1411–12 (5th Cir.1995)) (emphasis in original). Such a standard is necessary because Texas courts permit post-verdict amendments to conform the amount of damages requested to that awarded by a jury. *Greenhalgh*, 787 S.W.2d at 941.

relief actually awarded."[17]  First, Texas law prohibits Plaintiff from pleading a specific amount in his Original Petition.[18]  Second, the statement is not an affidavit, or otherwise binding in any way.  Lastly, Plaintiff did not state that he will not accept an award that exceeds $75,000.00.  Therefore, the Court should follow the above well-established law and disregard the Petition's non-binding statement regarding damages.  Accordingly, the Original Petition and demand letter establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V.  VENUE

15.     Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI.  CONSENT TO REMOVAL

16.     Defendant Janean Nyree Marshall consents to the removal of this action.[19]

## VII.  NOTICE

17.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## VIII.  STATE COURT PLEADINGS

18.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

---

[17] See Exhibit B-1, Plaintiff's Original Petition, ¶ 66.
[18] See TEX. R. CIV. P. 47(b); *Coburn*, 2013 WL 2289937, at *2 ("Texas law prohibits a plaintiff from pleading for specific amounts in cases of unliquidated damages.").
[19]  See Exhibit J, Declaration of Janean Nyree Marshall.

## IX.     EXHIBITS TO NOTICE OF REMOVAL

19.     Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

- A. All executed process in the case;

- B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    1. Plaintiff's Original Petition;

    2. ASIC Insurance Company's Original Answer;

- C. All orders signed by the state judge;

- D. Docket sheet;

- E. An index of matters being filed;

- F. A list of all counsel of record, including addresses, telephone numbers and parties represented;

- G. Civil Cover Sheet;

- H. Affidavit of Reed Burritt;

    1. Accurint Report on Mario Lopez.

- I. Affidavit of Jim Kroll;

- J. Declaration of Janean Nyree Marshall;

- K. November 13, 2016 Demand Letter.

## X.     CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 332nd District Court, Hidalgo County, Texas to this Court.

Dated:  March 23, 2017

                                                Respectfully submitted,

                                                EDISON, MCDOWELL & HETHERINGTON LLP

                                                By: */s/ Bradley J. Aiken*
                                                    Bradley J. Aiken
                                                    State Bar No. 24059361
                                                    Federal Bar No. 975212
                                                First City Tower
                                                1001 Fannin Street, Suite 2700
                                                Telephone:  713-337-5580
                                                Facsimile:  713-337-8850
                                                Brad.aiken@emhllp.com
                                                Reed.burritt@emhllp.com

                                                *ATTORNEYS FOR DEFENDANT*

Of Counsel:
Reed Burritt
State Bar No. 24092201
Federal Bar No. 2917307
EDISON, MCDOWELL & HETHERINGTON LLP
First City Tower
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Reed.burritt@emhllp.com

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been served on March 23, 2017, on the following counsel of record by certified mail:

Matthew Zarghouni
ZAR LAW FIRM
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Matt@zar-law.com

                                                */s/ Bradley J. Aiken*
                                                Bradley J. Aiken